J. Domenic Martini [Wash. Bar 63443]
dmartini@singletonschreiber.com
Dan Fruchter [Wash. Bar 63591]
dfruchter@singletonschreiber.com
Richard R. Barker [Wash. Bar 60958]
rbarker@singletonschreiber.com
SINGLETON SCHREIBER, LLP
108 N. Washington St., Suite 603
Spokane, Washington 99201
Tel: (509) 824-6222

Marie Docter [Wash. Bar 30557]
mdocter@briggsandbriggs.com
BRIGGS & BRIGGS
10222 Gravelly Lk. Dr. SW
Lakewood, WA 98499
Tel: (253) 588-6696

Attorneys for Plaintiff Wendy West

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

| | |
|---|---|
| **Wendy West**, <br><br> Plaintiff, <br><br> v. <br><br> **Target Corporation** and **Berkshire Blanket & Home Co., Inc.**, <br><br> Defendants. | Case No.: 3:25-cv-05946 <br><br> **Plaintiff's Complaint for Damages** <br><br> **Jury Trial Demanded** |

## I.    Introduction.

1.    Plaintiff Wendy West brings this action in diversity jurisdiction against Target Corporation and Berkshire Blanket & Home Co., Inc. for injuries arising out of a defective heated blanket manufactured and sold by Defendants.

1

2.      Plaintiff purchased the heated blanket from Target located at 10302 156th Street East in Puyallup, Pierce County, Washington. The blanket is sold by Target Corporation under a trade name, called "Threshold Heated Throw." The Threshold Heated Throw is manufactured by Berkshire Blanket & Home Co., Inc., and then sold to Target Corporation who labels and sells it.

3.      The Threshold Heated Throw overheated beyond its safe and intended temperature and caused Plaintiff severe burns on her right foot.

**II.      Parties, Jurisdiction, & Venue.**

4.      Plaintiff is a citizen of Washington residing in Pierce County.

5.      Defendant Target Corporation is a citizen of the State of Minnesota, being both incorporated and having its principal place of business there.

6.      Defendant Berkshire Blanket & Home Co., Inc. is a citizen of both New Jersey, having been incorporated there, and Massachusetts, having its principal place of business there.

7.      This Court has diversity jurisdiction over this matter pursuant to 18 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and because the amount in controversy, exclusive of costs and interest, exceeds this Court's jurisdictional threshold of $75,000.

8.      This Court has personal jurisdiction over Defendant Target Corporation because Target Corporation because Target Corporation owns and operates Target stores in Washington and owned and operated the Target store that Plaintiff purchased the Threshold Heated Throw from.

9.      The Court has personal jurisdiction over Defendant Berkshire Blanket & Home Co., Inc because Defendant sells its blankets to stores like Target and Walmart with the specific purpose and intent that its blankets will be sold in Washington. Berkshire Blanket also advertises and markets its blankets in Washington state with the purpose of selling its blankets in the state.

//

10.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in Western District of Washington. Plaintiff purchased the blanket in the Western District and her injuries occurred there.

**III.     Facts & Allegations**

11.     Defendant Target Corporation sells the Threshold Heated Throw blanket. "Threshold" is a Target trade name for home products sold in Target stores.

12.     Defendant Berkshire Blanket & Home Co., Inc. manufactured the Threshold Heated Throw and sold it to Target to be sold under the Threshold trade name. Thus, Target has the liability of a manufacturer under RCW § 7.72.030(2)(e).

13.     In November 2022, Plaintiff purchased the Threshold Heated Throw from a Target located at 10302 156th Street East in Puyallup, Pierce County, Washington.

14.     Over the next few days, Plaintiff used the blanket without issue.

15.     On the morning of November 10, 2022, Plaintiff was using the blanket when she suddenly felt pain on her right foot. Plaintiff removed the blanket to find that she had suffered severe burns to all five of her toes.

16.     Plaintiff sought treatment for her burns at both an emergency department and with specialists. Plaintiff was diagnosed with partial thickness burns. She was treated for several months and to this day still has pain, immobility, and sensitivity. She requires future medical treatment.

17.     The Threshold Heated Throw is defective for several reasons.

18.     First, the Threshold Heated Throw gets too hot. The product should not become hot enough to cause partial thickness burns on a user. The product gets too hot either because of its unreasonable design, and/or because this specific blanket deviated from the design and the deviation allowed it to get hotter than safe or intended by Defendants.

3

19.    Second, the Threshold Heated Throw provides no warning about the product becoming hot enough to cause injury.

20.    Target Corporation, as the seller of the product, knew or should have known about dangers posed by the Threshold Heated Throw and, upon information and belief, had received complaints from consumers about the Threshold Heated Throw causing burns and other injuries. Despite this knowledge, Target continued to sell the product.

**IV.    Causes of Action.**

**First Cause of Action**

**Manufacturing Defect [RCW § 7.72.030(2)(a)]**

**(Against All Defendants)**

21.    Plaintiff incorporates all allegations above as if set forth here.

22.    Defendants designed the Threshold Heated Throw.

23.    The Threshold Heated Throw was not reasonably safe in construction.

24.    The Threshold Heated Throw materially deviated from the design specification and/or performance standards by heating up beyond the designed temperature.

25.    This was a material deviation from other units on the same product line.

26.    This deviation was the proximate cause of Plaintiff's injuries by causing her burns.

**Second Cause of Action**

**Design Defect [RCW § 7.72.030(1)(a)]**

**(Against All Defendants)**

27.    Plaintiff incorporates all allegations above as if set forth here.

28.    Defendants designed the product to reach certain temperatures.

29.    At the time of manufacture, the likelihood that the product would cause severe burns, and the seriousness of injury caused by severe burns,

4

outweighed both: the burden on Defendants to design a product that would have prevented those harms; and the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the product.

30.   A reasonable consumer would not expect that a heated blanket could cause severe burns.

31.   This unreasonable design was the proximate cause of Plaintiff's injuries.

**Third Cause of Action**

**Warning Defect [RCW § 7.72.030(1)(b–c)]**

**(Against All Defendants)**

32.   Plaintiff incorporates all allegations above as if set forth here.

33.   Defendants failed to provide adequate warnings or instructions regarding the product heating to the point that it causes severe injury.

34.   At the time of manufacture, the likelihood that the product would cause burn injuries and the seriousness of those burn injuries rendered the complete lack of warnings or instructions inadequate.

35.   Defendants could have provided warnings or instructions explicitly detailing how long the product could be safely used before it caused burns, or warnings or instructions

36.   After manufacture, Defendants learned or should have learned of the dangers of burn injuries occurring but failed to act with regard to issuing warnings or instructions regarding the risk of burns.

37.   A reasonable consumer would expect Defendants to warn of the dangers of overhearing if those dangers were known or knowable.

38.   The lack of warning was a proximate cause of Plaintiff's burn injuries.

**Fourth Cause of Action**

**Breach of Express Warranty [RCW § 7.72.030(1)(b–c)]**

**(Against All Defendants)**

39. Plaintiff incorporates all allegations above as if set forth here.

40. Defendants expressly warranted that the blanket would warm, but not burn, consumers.

41. Consumers like Plaintiff would not purchase a heated blanket if the blanket caused burns. This is a material fact that is part of the basis of the bargain between consumers and Defendants.

42. Defendants breached this warranty when the blanket became so hot it burned Plaintiff.

**Fifth Cause of Action**

**Negligence [RCW § 7.72.030(1)(b–c)]**

**(Against Target Corporation)**

43. Plaintiff incorporates all allegations above as if set forth here.

44. Defendant Target Corporation knew or should have known that the Threshold Heated Throw had a history of overheating and causing burns.

45. Defendant Target Corporation had actual and constructive knowledge of prior instances where consumers made complaints about being burned by the blanket.

46. Despite this knowledge, Target Corporation continued to sell the blanket.

47. Target Corporation acted negligently by selling the blanket despite having actual and constructive knowledge of the dangers of the product.

48. Plaintiff was harmed when she purchased the product from Target Corporation and suffered burn injuries from using the product.

**V.    Prayer for Relief.**

Plaintiff prays for relief against Defendants as follows:

49. For past and future medical expenses according to proof;

50. For past and future lost earnings and/or earning capacity, according to proof;

51.     For general damages, including but not limited to pain, suffering, and emotional distress; and

52.     For any other relief the Court deems just.

## VI.    Jury Demand

53.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial.


DATED this 23rd day of October 2025

SINGLETON SCHREIBER , LLP

By: _____

J. Domenic Martini, Esq.
Attorneys for Plaintiff Wendy West